UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21554

JAY LUCK,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff JAY LUCK[1] ("Luck" or "Plaintiff"), by and through his undersigned counsel, brings this complaint against Defendants, The Individuals, Partnerships, and Unincorporated Associations set forth on Schedule "A" hereto[2] (collectively, "Defendants" and each "Defendant"), who are promoting, selling, offering for sale and distributing goods bearing confusingly similar imitations of Luck's intellectual property within this district through various Internet based e-

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets will be ruled on, Plaintiff's name has been removed to prevent Defendants from getting advanced notice. Copyright piracy and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains. Pursuant to the Court's order on Plaintiff's forthcoming Motion to Seal Certain Documents Containing Identifying Information About the Defendants, Plaintiff will file an Unredacted Complaint which identifies Plaintiff's copyrights and provides additional information and allegations once the record is unsealed.

[2] Schedule "A" to this Complaint will be filed under seal after this Honorable Court rules on Plaintiff's forthcoming Motion for Leave to File Certain Documents Under Seal.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

commerce stores using the seller identities as set forth on Schedule "A" hereto ("Seller IDs"), and in support of his claims, alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiff brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted work in violation of 17 U.S.C. §501 and removal of his copyright management information ("CMI") in violation of 17 U.S.C. § 1202, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*. 17 U.S.C. § 1203, and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

3. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## PERSONAL JURISDICTION

4. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through at least the internet-based e-commerce stores accessible in Florida and operating under their Seller IDs.

5. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Luck injury in Florida, and Luck's claims arise out of those activities.

6. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to

jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not residents in the United States, and therefore there is no district in which an action may otherwise be brought.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

## THE PLAINTIFF

9. Plaintiff Luck is a [REDACTED], and the owner of [REDACTED]. For the past four decades, Luck and his team of craftsmen have had the honor of designing and handcrafting the [REDACTED], organized by [REDACTED], for [REDACTED]. In addition, Luck created the [REDACTED], which are provided to the top [REDACTED], and the [REDACTED], which is the highest honor given in [REDACTED]field.

10. Luck owns the copyright described below that is the subject of this action.

11. Luck offers for sale and sells his artwork within the state of Florida, including this district, and throughout the United States.

12. Like many other intellectual property rights owners, Luck suffers ongoing daily and sustained violations of his intellectual property rights at the hands of infringers, such as Defendants herein.

13. The explosion of infringement over the Internet has created an environment that requires artists like Luck to expend significant time and money across a wide spectrum of efforts

in order to protect both consumers and himself from the ill effects of infringement of his intellectual property rights.

## PLANTIFF'S COPYRIGHT RIGHTS

14. In [REDACTED], Luck created the sculpture [REDACTED]", which is shown below and referred to herein as the "Copyrighted Work". [3] This Copyrighted Work [REDACTED].

15. Luck's Copyrighted Work was duly registered on [REDACTED], with the Register of Copyrights under the registration number [REDACTED]. A true and correct copy of Luck's copyright registration is attached hereto as **Exhibit 1**.[4]

[REDACTED]

16. Luck is the owner of all rights in and to the Copyrighted Work at issue.

17. Genuine goods bearing Luck's Copyrighted Work are legitimately sold by Luck and his authorized distributors.

18. Luck has never granted authorization to anyone to advertise, market, or promote unauthorized goods using Luck's Copyrighted Work.

## DEFENDANTS

19. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20. Defendants are individuals and/or business entities of unknown makeup, who reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those

---

[3] The information on Plaintiff's copyrights is redacted in initial filing in order to prevent Defendants from getting advanced notice. Pursuant to the Court's order on Plaintiff's Motion to Seal, Plaintiff will file an Unredacted Complaint which identifies Plaintiff's copyrights and provides additional information and allegations once the record is unsealed.

[4] Omitted in initial filing. Plaintiff will attach Exhibit 1 to the Unredacted Complaint.

locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

21. Defendants are engaged in business in Florida but have not appointed an agent for service of process.

22. Upon information and belief, Defendants have registered, established, or purchased, and maintained their Seller IDs.

23. Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

24. Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

25. Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

26. Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal activities.

27. Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Luck's intellectual property rights unless preliminarily and permanently enjoined.

28. Defendants use their Internet-based businesses to infringe the intellectual property rights of Luck and others.

29. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of goods bearing Luck's Copyrighted Work, are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Luck.

30. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Luck's economic interests in the state of Florida and causing Luck harm and damage within this jurisdiction.

31. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Luck's intellectual property rights and the destruction of the legitimate market sector in which it operates.

32. At all times relevant hereto, Defendants had actual or constructive knowledge of Luck's intellectual property rights, including Luck's exclusive right to use and license such intellectual property rights.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

33. Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule "A" hereto.

34. Defendants are promoting, selling, offering for sale and distributing goods bearing identical or confusingly similar imitations of Luck's intellectual property within this district.

35. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

36. Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Luck asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

37. Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Luck, Defendants, and this Court.

38. Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice against Luck and Defendants alike.

39. Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any Defendant listed on Schedule "A" hereto.

40. This court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

41. Luck's claims against the multiple Defendants listed in Schedule "A" are all transactionally related.

42. Luck is claiming copyright infringement against Defendants of Luck's intellectual property rights.

43. Defendants' actions are logically related. Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

44. Defendants undertake efforts to conceal their true identities from Luck in order to avoid detection of their illegal activities.

45. Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

46. Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

47. Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Luck obtains a monetary award.

48. Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

49. Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

50. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Luck's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Luck.

51. Defendants are using infringements of Luck's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby

increasing the value of the Seller IDs and decreasing the size and value of Luck's legitimate marketplace and intellectual property rights at Luck's expense.

52. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Luck's economic interests in the state of Florida and causing Luck harm and damage within this jurisdiction.

53. At all times relevant hereto, Defendants had actual or constructive knowledge of Luck's intellectual property rights, including Luck's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

54. Defendants are promoting, advertising, distributing, selling, and/or offering goods for sale bearing or using unauthorized copies of Luck's Copyrighted Work in interstate commerce that are infringements of Luck's intellectual property rights through at least the Internet based e-commerce stores operating under the Seller IDs.

55. At least one Defendant is also using the listing and associated image identified by the Amazon Standard Identification Number ("ASIN") on Schedule "A" annexed hereto.

56. Defendants are using identical copies of Luck's sculpture for cheap quality goods.

57. Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

58. In so advertising their stores and products, Defendants improperly and unlawfully use the Copyrighted Work without Luck's permission.

59. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Luck's genuine goods.

60. Defendants are causing individual, concurrent and indivisible harm to Luck and the consuming public by (i) depriving Luck and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Luck's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the image, and (iii) increasing Luck's overall cost to market its goods and educate consumers via the Internet.

61. As a result, Defendants are defrauding Luck and the consuming public for Defendants' own benefit.

62. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Luck's ownership of the Copyrighted Work, including his exclusive right to use and license such intellectual property and the goodwill associated therewith.

63. Defendants' use of the Copyrighted Work, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Luck's consent or authorization.

64. Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luck's rights for the purpose of trading on Luck's intellectual property and reputation.

65. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Luck and the consuming public will continue to be harmed.

66. Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

67. Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Luck.

68. Luck is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Luck's intellectual property rights.

69. Luck should not have any competition from Defendants because Luck never authorized Defendants to use Luck's Copyrighted Work.

70. Luck has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

71. Luck incorporates the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Luck has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

73. Pursuant to 17 U.S.C. § 411(a), Luck has valid copyright ownership of the Copyrighted Work at issue in this action.

74. Pursuant to 17 U.S.C. §106, Luck has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the Unites States of Luck Copyrighted Work.

75. Defendants directly infringed Luck's exclusive rights in its copyright.

76. Defendants copied, displayed, and distributed Luck's Copyrighted Work and/or prepared derivative works based upon Luck's Copyrighted Work in violation of Luck's exclusive rights under 17 U.S.C. §106.

77. Defendants' conduct constitutes willful and direct copyright infringement of Luck's Copyrighted Work.

78. Defendants profited from the direct infringement of the exclusive rights of Luck in the works at issue in this case under the Copyright Act.

79. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

80. Luck has been damaged by the infringement.

81. The harm to Luck is irreparable.

82. Luck is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

83. As a direct and proximate result of Defendants' infringement of Luck's exclusive rights, Luck is entitled to actual damages and statutory damages, as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) and (c).

84. Luck is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

## COUNT II – REMOVAL OR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

85. Luck incorporates the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

86. Luck's Copyrighted Work contained copyright management information ("CMI") as defined by 17 U.S.C. § 1202 including the copyright symbol © and [REDACTED] which are identifying information for the Copyrighted Work and for Luck.

87. Defendants knowingly and with the intent to enable or facilitate copyright infringement removed from and failed to display the CMI in the Copyrighted Work in violation of 17 U.S.C. § 1202(b), as shown below:

**Original [REDACTED]Sculpture**:

[REDACTED]

**Defendants' Infringing Image with CMI Removed**:

[REDACTED]

88. Alternatively, Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided CMI that is false.

89. Defendants distributed the Copyrighted Work with the altered CMI, knowing that the CMI had been removed or altered without authority of Luck.

90. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate, or conceal infringement of Luck's rights in the Copyrighted Work at issue in this action protected under the Copyright Act.

91. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable ground to know that they will induce, enable, facilitate or conceal infringement of Luck's rights in the Copyrighted Work at issue in this action protected under the Copyright Act.

92. Luck has been damaged.

93. The harm caused to Luck has been irreparable.

WHEREFORE, Plaintiff JAY LUCK demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

    a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§§ 502(a) and 503, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing,

selling or offering to sell infringing goods; from infringing the Copyrighted Work; from using the Copyrighted Work, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Copyrighted Work in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Luck.

b. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non- genuine goods bearing and/or using the Copyrighted Work.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Luck's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of the Copyrighted Work.

d. Entry of an order authorizing seizure, impoundment and/or destruction of all the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Luck's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Luck's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Copyrighted Work via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Luck's request, any other listings and images of goods bearing infringements of the Copyrighted Work associated with any ASIN linked to the same sellers or linked to any other alias seller

    identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Copyrighted Work.

g. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Luck's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Copyrighted Work in its inventory, possession, custody, or control, and surrender those goods to Luck.

h. Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

i. Entry of an Order requiring Defendants to account to and pay Luck for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Luck's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory

    damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

j. Entry of an Order requiring Defendants to pay Luck for all profits and damages resulting from Defendant's violations of 17 U.S.C. § 1202 or statutory damages (at Luck's election) per violation, for which Defendants shall be liable in a sum per violation of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. §1203.

k. Entry of an award, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203, of Luck's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

l. Entry of an Order that, upon Luck's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Luck in partial satisfaction of the monetary judgment entered herein.

m. Entry of an award of pre-judgment interest on the judgment amount.

n. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: April 3, 2025                                  Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsels for Plaintiff Jay Luck*